IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY R. BAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:24-CV-741-RAH-KFP |
| ALABAMA STATE UNIVERISTY, | ) ) ) |
| Defendant. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Alabama State University's (ASU) Motion to Dismiss. Doc 4. The motion is fully briefed and ripe for review. On March 28, 2025, the undersigned held an in-person hearing on the Motion. Docs. 15, 16. Upon consideration of the parties' filings and applicable case law, the undersigned recommends the Motion to Dismiss be GRANTED as to Count II.

**I.   JURISDICTION AND VENUE**

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 over this case arising from claims under 42 U.S.C. §§ 1983, 1981 and Title VII of the Civil Rights Act of 1964. Personal jurisdiction and venue are not contested, and the Court concludes that venue properly lies in the Middle District of Alabama. 28 U.S.C. § 1391.

**II.   STANDARD OF REVIEW**

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in

the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). To "state a claim to relief that is plausible on its face[,]" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (first quoting *Twombly*, 550 U.S. at 570).

"The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

## III. DISCUSSION

ASU argues it is protected by Eleventh Amendment immunity against the race discrimination claim alleged in Count II under Section 1981 through 1983. Plaintiff Kimberly Baker raises no argument against this defense in her Response Brief. Doc. 13.

At the hearing held on March 28, 2025, Baker conceded the claim is barred by the Eleventh Amendment. Thus, the undersigned recommends granting this portion of the motion to dismiss.[1]

"Eleventh Amendment immunity bars suits brought in federal court when . . . an 'arm of the State' is sued." *Cardwell v. Auburn Univ. Montgomery*, 941 F. Supp. 2d 1322, 1327–28 (M.D. Ala. 2013). "[A] § 1981 claim cannot be brought against [a university] because [a university] is not a 'person' subject to suit under § 1983." *Id.* at 1329; *see also Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) ("a State is not a 'person' against whom a § 1983 claim for money damages might be asserted"). "Not only is [a university] not a 'person' subject to suit for violations of § 1981 asserted against a state actor under § 1983," but "the U.S. Supreme Court has held that Eleventh Amendment immunity bars § 1983 suits against state governmental entities in federal court due to Congress's lack of clear intent to abrogate Eleventh Amendment immunity for claims brought pursuant to § 1983." *Cardwell*, 941 F. Supp. 2d at 1329 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Alabama's higher learning institutions are "absolutely immune from suits as agencies of the State." *Id.* at 1328 (quoting *Vandenberg v. Aramark Educ. Servs.*, 81 So. 3d 326, 332 (Ala. 2011)). "ASU is an arm of Alabama, and thus entitled to Eleventh Amendment immunity." *Fed. Republic of Nig. v. Ala. State Univ.*, 604 F. Supp. 3d 1312, 1318 (M.D. Ala. 2022).

---

[1] Contemporaneously, the Court ordered Plaintiff to replead Count I of the Complaint, construing that part of Defendant's motion as a Motion for More Definite Statement pursuant to Rule 12(e) and granting that motion. Doc. 17.

In Count II Baker attempts to assert a claim against Alabama State University pursuant to §§ 1981 and 1983. Doc. 1 ¶ 15. In the State of Alabama, universities are state actors under § 1983. *Cardwell*, 941 F. Supp. 2d at 1328; *see also Fed. Republic*, 604 F. Supp. 3d at 1318 ("ASU is . . . entitled to Eleventh Amendment immunity."). Therefore, Alabama State University cannot be a "person" that is subject to suit under § 1981 pursuant to § 1983. *Cardwell*, 941 F. Supp. 2d at 1329. Thus, ASU's motion to dismiss this claim is due to be granted.

## IV. CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS that Defendant's Motion to Dismiss Count II is GRANTED with prejudice.

It is further ORDERED that on or before **April 14, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 31st day of March, 2025.

                                    /s/ Kelly Fitzgerald Pate
                                    KELLY FITZGERALD PATE
                                    UNITED STATES MAGISTRATE JUDGE